USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/28/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN FERNANDEZ,

                Petitioner,

    - against -

TED LaVALLEY,

                Respondent.

---

10 Civ. 7914 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The petitioner, Jonathan Fernandez (the "petitioner"), brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 23, 2006, the petitioner was convicted, upon his plea of guilty, of Manslaughter in the First Degree in violation of New York Penal Law § 125.20[1], and was sentenced to a determinate term of seventeen years imprisonment, followed by five years post-release supervision.

    The petitioner appealed to the New York State Supreme Court, Appellate Division, First Department, which, on August 22, 2010, affirmed the petitioner's judgment of conviction. People v. Fernandez, 899 N.Y.S.2d 722 (App. Div. 2010). The petitioner's application for leave to appeal to the New York State Court of Appeals was denied on August 9, 2010. People v. Fernandez, 934 N.E.2d 898 (N.Y. 2010).

In his petition for habeas corpus, the petitioner challenges his sentence as harsh and excessive, and claims that his waiver of the right to appeal was not knowing and voluntary.

I.

The record reflects the following facts. On January 3, 2006, in the New York State Supreme Court, Bronx County, the petitioner pleaded guilty to one count of Manslaughter in the First Degree pursuant to a plea agreement, which provided for seventeen years imprisonment followed by five years of supervised release. (Killian Decl. Ex. 1 (hereinafter "Plea Tr.") at 2-3.) Before accepting the plea, the court advised the petitioner of the constitutional rights he was giving up by pleading guilty. (Plea Tr. at 7.) The petitioner confirmed that he had thoroughly discussed his plea with his attorney and his family, and that nobody had forced him to enter into the plea or offered any promises to induce the petitioner to plead guilty, other than the promised sentence. (Plea Tr. at 5-6.) The petitioner stated that he was pleading guilty voluntarily and of his own free will, and confirmed that he was satisfied with his attorney's services. (Plea Tr. at 6.) The petitioner confirmed that he understood he was waiving his right to appeal. (Plea Tr. at 8.)

The petitioner then admitted that on October 24, 2003, at about 10:30 a.m., he, acting in concert with Mr. Giovani Perez (the "co-defendant"), shot Kamal Singh with the intent to cause Singh serious physical injury, and causing Singh's death. (Plea Tr. at 8.) The petitioner's co-defendant pleaded guilty in the same proceeding, pursuant to a plea agreement that provided for eight years imprisonment followed by five years post-release supervision. (Plea Tr. at 3, 10-16.)

On January 23, 2006, the petitioner was sentenced to seventeen years imprisonment followed by five years post-release supervision. (Killian Decl. Ex. 2 (hereinafter "Sent. Tr.") at 27.) In the same proceeding, the co-defendant was sentenced to eight years imprisonment followed by five years post-release supervision. (Sent. Tr. at 27.)

The petitioner appealed his conviction to the Appellate Division, First Department, arguing that his sentence was harsh and excessive, and that he did not waive his right to appeal knowingly and voluntarily because the trial court allegedly failed to distinguish the right to appeal from other rights forfeited upon a plea of guilty. In an order dated April 22, 2010, the Appellate Division unanimously affirmed the petitioner's conviction. People v. Fernandez, 899 N.Y.S.2d 722 (App. Div. 2010). The petitioner's application for leave to appeal to the New York State Court of Appeals was denied on

August 9, 2010.  People v. Fernandez, 934 N.E.2d 898 (N.Y. 2010).

## II.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see also Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

A state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to" the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000).

A state court decision involves "an unreasonable application of . . . clearly established Federal law" when the

4

state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case . . . ." Jones v. Walsh, No. 06 Civ. 225, 2007 WL 4563443, at *5 (S.D.N.Y. Dec. 27, 2007) (quoting Williams, 529 U.S. at 407-08). To meet that standard, "the state court decision [must] be more than incorrect or erroneous . . . [it] must be objectively unreasonable." Jones, 2007 WL 4563443, at *5 (quoting Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). "[I]t is well established in [this] [C]ircuit that the objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2003) (internal quotation marks omitted).

Because the petitioner is proceeding pro se, his petition is "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Muir v. New York, No. 07 Civ. 7573, 2010 WL 2144250, at *4 (S.D.N.Y. May 26, 2010).

### III.

The petitioner's claim that his sentence is harsh and excessive is unexhausted and not cognizable on habeas review.

A petitioner in a habeas corpus proceeding must exhaust all available state court remedies for each claim prior to federal review. See 28 U.S.C. § 2254(b),(c); ; Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994); Daye v. Attorney Gen. of New York, 696 F.2d 186, 190-91 (2d Cir. 1982) (en banc). The exhaustion requirement requires the petitioner to have fairly presented in state court the claims which are raised in the habeas petition. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991). The petitioner must present to the state court both the factual and legal premises of the claims. See Daye, 696 F.2d at 191-92. The Supreme Court has held that

> [b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To do this, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted); see also Kellam v. Hunt, No. 06 Civ. 4395, 2007 WL 2005544, at *3 (S.D.N.Y. July 10, 2007). While the petitioner raised this

6

claim on his direct appeal, he did not raise it as a federal constitutional claim. Instead, he raised it pursuant to New York law, citing New York state cases and standards in his appellate brief. (Killian Decl. Ex. 3 ("Pet'r's Br. on Appeal"), at 8). Because the petitioner did not raise his harsh and excessive sentence claim in federal constitutional terms, it is unexhausted.

In any event, there is no merit to the petitioner's claim. The petitioner was sentenced to seventeen years imprisonment followed by five years post-release supervision for Manslaughter in the First Degree. (Sent. Tr. at 27.) This sentence is substantially below the twenty-five year maximum term of imprisonment provided by New York law. See New York Penal Law §§ 125.20, 70.00(2)(b) & (3)(b). The petitioner does not specifically argue that his sentence constituted cruel and unusual punishment under the Eighth and Fourteenth Amendments of the Constitution. Even if he had made such an argument, it would be unavailing. A sentence within the statutory range is generally not cruel and unusual punishment and there is nothing about the sentence compared to the serious crime committed that would rise to the level of cruel and unusual punishment. See White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Baide-Ferrero v. Ercole, No. 06 Civ. 6961, 2010 WL 1257615, at *4

(S.D.N.Y. Mar. 31, 2010) (collecting cases).  As a result, there is no basis for habeas relief.

### IV.

The petitioner's claim that his waiver of the right to appeal was not knowing and voluntary is without merit.

The colloquy by the New York State Supreme Court, Bronx County, was sufficient to advise the petitioner that he was waiving his right to appeal.  After confirming that the petitioner was not under the influence of any drugs or alcohol and was pleading guilty voluntarily, the state court advised the petitioner that "normally . . . you would have a right to take at least one appeal from your plea and sentence from pretrial matters . . . [as] part of this disposition you're giving up that right that you would otherwise have . . . and you are agreeing to waive an appeal on any grounds, sir, other than the legality or illegality of your plea and sentence[.]"  (Plea Tr. at 8.)  The petitioner confirmed that he understood he was waiving his right to appeal.  (Plea Tr. at 8.)  Given the record, it is plain that the petitioner knowingly waived his right to appeal.  Moreover, the petitioner did not suffer prejudice from his waiver of the right to appeal because he did in fact appeal, and the appeal was not dismissed because of the waiver.  Instead, the appeal was heard and the judgment against

8

the petitioner was affirmed. See People v. Fernandez, 899 N.Y.S. 2d 722 (App. Div. 2010).

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus is **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated: New York, New York
September 28, 2011

John G. Koeltl
United States District Judge